# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: May 15, 2026)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| MARIANNE SIMENETA, | * | |
| | * | No. 18-859V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Michael Andrew London, Douglas & London, P.C., New York, NY, for petitioner.
James Vincent Lopez, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 18, 2018, Marianne Simeneta ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that as a result of a pneumococcal conjugate vaccine administered on August 1, 2015, she developed Guillain-Barré Syndrome. Petition at Preamble, ¶¶ 2, 4 (ECF No. 1).  On March 14, 2025, respondent filed a proffer, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 162).

On September 12, 2025, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 168). Petitioner requests compensation in the amount of $125,292.40, representing $89,605.90 in attorneys' fees and $35,686.50 in attorneys'

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

costs. Fees App. Ex. A. Pursuant to General Order No. 9, petitioner warrants that she has not incurred any costs in pursuit of this claim. Fees App. Ex. D. Respondent filed his response on September 15, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 169). Petitioner did not file a reply.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $123,500.28.**

### I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees  and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

#### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

#### i.  Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Michael A. London, Esq., $400.00 per hour for work performed in 2018 and 2019, $425.00 per hour for work performed in 2020, $450.00 per hour for work performed in 2021, $475.00 per hour for work performed in 2022, and $525.00 per hour for work performed in 2024; for Ms. Virginia E. Anello, Esq., $325.00 per hour for work performed in 2015, $350.00 per hour for work performed in 2016, $375.00 per hour for work performed in 2018 and 2019, $385.00 per hour for work performed in 2020, $390.00 per hour for work performed in 2021, $415.00 per hour for work performed in 2022, $425.00 per hour for work performed in 2023, $430.00 per hour for work performed in 2024, and $450.00 per hour for work performed in 2025; and for Mr. Randy Janis, Esq., $400.00 per hour for work performed in 2021. For paralegals, petitioner requests between $125.00-$182.00 per hour for work performed between 2015-2025.

A reasonable hourly rate has not been set for Ms. Anello for 2025. The undersigned finds that Ms. Anello's requested rate increase for 2025 is reasonable and shall be awarded herein.

Additionally, it appears that this is only Mr. Janis's second Vaccine Program case, and his hourly rate has also not been set. Mr. Janis practices law in New York, New York, and is thus considered "in forum." Mr. Janis was admitted to practice law in 2000, which means he had 21 years of experience while working on this matter. See Fees App. Ex. F at 3. Based on the undersigned's experience, Mr. Janis's requested rate of $400.00 per hour for 2021 is reasonable and shall be awarded herein.

### ii.     Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds that reduction is required. First, both attorney and paralegal time were billed for administrative tasks. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Human Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). For example, the following entries were billed: "Filed Expert Report with Court," "Prepared CV for filing and Filed with Court," "Received documents from client, scanned and added to file; updated system," and "Downloaded and Filed Notice and Initial Order from Court, Entered info in File." See Fees. App. Ex. E. at 4-5, 9, 16-22.

3

A further issue with the billing entries is that they frequently display block billing by combining several discrete tasks into one large entry. For example, on February 14, 2022, Ms. Anello billed 9.5 hours for "Corresponded with Expert about Report; Discussed Report; Reviewed Transcripts and Medical Literature; Reviewed Case Law; Reviewed Expert Report; Filed with Court;" on August 21, 2023, Ms. Anello billed 4.5 hours for "Reviewed Expert Report and Respondent Expert Report; Gathered Medical Literature for Filing with Court;" on January 6, 2025, Ms. Anello billed 4.1 hours for "Corresponded with Respondent for One Week Extension for Affidavit and Medical Records; Filed Motion with Court; Reviewed Client Affidavit and Formatted It and Sent to Client for Signature; Reviewed Medical Records; Prepared Damages [Brief] for Negotiation;" and on September 20, 2021, Mr. Janis billed 5.5 hours for "Prepared for Hearing; Met with Dr. Napoli; Prepared with Court Webex; Correspondence with Court regarding Additional Testing; Additional Testing; Emailed Court and Respondent updated CVS." Fees App. Ex. E at 9, 12, 14. There are more than 90 instances of such billing entries by both counsel and paralegals. See id. at 7-23. The undersigned is cognizant that in some instances, some of these activities may be related such that one activity naturally flows into the next throughout the course of the workday. However, engaging in block billing frustrates the undersigned's ability to determine how much time was spent on a compensable task versus a time on the non-compensable, administrative task.

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521. In this case, considering billing for clerical and administrative work and the block billing, the undersigned finds that a 2% reduction in overall fees reasonable. This results in a reduction of **$1,792.12**. Accordingly, petitioner is entitled to final attorneys' fees in the amount of $87,813.78.

### b. Attorneys' Costs

Petitioner requests a total of $35,686.50 in attorneys' costs. This amount is comprised of acquiring medical records, the court's filing fee, the hearing transcript, medical research, postage, photocopies, and the following expert services: Salvatore Napoli, M.D. for 23.5 hours, at $400.00 per hour, totaling $9,400; and Lawrence Steinman, M.D. for 36.5 hours, at $550.00 per hour, totaling $20,075. See Fees App. Exs. A-C. The undersigned has reviewed the requested costs and finds that rates billed by the experts are consistent with what they have been previously awarded, and that the costs billed are reasonable. Accordingly, the full amount of costs shall be awarded.

### II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioner and her counsel as follows:

4

| | |
|---|---|
| Attorneys' Fees Requested | $89,605.90 |
| (Total Reduction from Billing Hours) | ($1,792.12) |
| **Total Attorneys' Fees Awarded** | **$87,813.78** |
| | |
| Attorneys' Costs Requested | $35,686.50 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$35,686.50** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$123,500.28** |

**Accordingly, the undersigned awards $123,500.28 representing reimbursement for petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.